The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

ORIGINAL

## I. (a) PLAINTIFFS
Robert N. Goldstein, Goldstein/Habeeb Entertainment, Inc. and Cheaters, Ltd.

**DEFENDANTS**
Tommy Habeeb

3 03CV 0266 N

**(b)** County of Residence of First Listed **Dallas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Timothy W. Sorenson
1717 Main Street, Suite 4050
Dallas, Texas 75201-4639

(214) 653-4377

Attorneys (If Known)

FEB 6

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- x 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | x 1 | x 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | x 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | x 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus | | | Determination Under Equal |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- x 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S Civil Statute under which you are filing and write brief statement of cause Do not cite jurisdictional statutes unless diversity)

Copyright infringement, breach of fiduciary duty and business disparagement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R C.P. 23
DEMAND _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  x No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 2/4/03
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN, GOLDSTEIN/HABEEB ENTERTAINMENT, INC., and CHEATERS, LTD., Plaintiffs | § § § § § § | CAUSE NO. _____ |
| vs. | § § § | 3 03CV 0266 N |
| TOMMY HABEEB Defendant | § § | |

**ORIGINAL COMPLAINT FOR DAMAGES
AND
APPLICATION FOR PRELIMINARY
AND PERMANENT INJUNCTION**

**I.
Parties**

1.01 Plaintiff, Robert N. Goldstein (Goldstein), is a citizen of the State of Texas and a resident of Dallas County. Plaintiff, Goldstein/Habeeb Entertainment, Inc. (GHE) is a corporation organized under the laws of the State of Texas whose principle place of business is in Dallas, Dallas County, Texas. Plaintiff, Cheaters, Ltd. (Cheaters) is a limited partnership formed under the laws of the State of Texas whose principle place of business is in Dallas, Dallas County, Texas.

1.02 Defendant, Tommy Habeeb, is a resident of Dallas, Dallas County, Texas.

**II
Jurisdiction and Venue**

2.01 This Court has subject matter jurisdiction of Plaintiffs' claims of copyright infringement pursuant to 28 U.S.C. §1338(a), and has pendent jurisdiction over the Plaintiff's common law claims because the federal and common law claims arise out of a common nucleus of operative facts. *United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130 (1966).*

1

2.02   This Court has venue of this cause pursuant to 28 U.S.C. §1391(b)(1).

2.03   All conditions precedent to the filing of this action have been performed or have occurred.

## III
## Operative Facts

3.01   Prior to December 26, 1996, Goldstein, who then was and ever since has been a citizen of the United States, created and wrote an original program concept for a television series entitled, "Cheaters".

3.02   This program concept contained a large amount of material wholly original with Goldstein and is copyrightable subject matter under the law of the United States.

3.03   Between December, 1995 and December 26, 1996, Goldstein complied in all respects with Title 17 of the United States Code, and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of said original program concept, and received from the Registrar of Copyrights a certificate of registration, dated and identified as follows: TXu 770-121, December 26, 1996.

3.04   On or about August 10, 1998, Goldstein granted an exclusive license to the original program concept GHE for the purpose of developing and producing a television video tape to be used as a pilot for the publication, sale and syndication of the original program concept. GHE produced the program concept pilot film and published it in October, 1998.

3.05   On or about August 25, 1999, with Goldstein's consent, GHE assigned its exclusive license to the program concept to Cheaters for the purpose of developing and producing a television video tape series to be sold, published and syndicated from the original program concept. Cheaters has produced, developed and published one hundred thirty-minute films from the original concept, and is in the process of producing additional television video tapes from the original program concept.

3.06   Each of the television tapes that has been produced by GHE and by Cheaters is a derivative work based upon the original program concept registered by Goldstein and is protected by Title 17 of the United State Code.

3.07 The names "Tommy Gunn" (the original *nom de plume* of its host) and "Tommy Grand" (the present *nom de plume* of its host) and the phrase, "talk to me, Gomez" were used in connection with each and every publication of the television show, "Cheaters" so as to be and become synominous with the program concept. The names "Tommy Gunn" and "Tommy Grand" and the phrase, "talk to me, Gomez" are derivative works based upon the original program concept registered by Goldstein and are protected by Title 17 of the United State Code.

3.08 On or about November 28, 2001, the License to GHE was revoked for due cause, and Goldstein granted a new license to the program concept directly to Cheaters for the continued development and publication of television video tapes from the original program concept.

3.09 At all time material hereto Defendant was and is a director and minority shareholder in GHE.

3.10 Between April 20, 1998, and October 26, 2002, Defendant served as the Host for the published television pilot and the television shows that were developed and published from the original concept duly copyrighted to Goldstein. Defendant was paid and accepted an appearance fee as full compensation for each of his appearances as Host on the television pilot and shows. In connection therewith, Defendant signed a waiver of any and all claims for the use of his image in connection with the show.

3.11 Defendant has infringed Goldstein's copyright by publishing a World Wide Web site containing the name, "Tommy Gunn" and "Cheaters", by selling t-shirts with the name, "Cheaters" and the phrase, "Talk to me Gomez" on them, by tying his World Wide Web site to that owned by Cheaters and by publicly claiming ownership in and to Goldstein's copyright and to the television program, "Cheaters".

## IV
### First Cause of Action for Declaratory Relief

4.01 Plaintiffs incorporate the statement of Operative Facts contained in section III above as though same were republished in full herein.

4.02   Pursuant to 28 USC §§2201 and 2202, Goldstein requests the Court to declare that Goldstein is the sole owner of the copyright to the original program concept for a television series entitled, "Cheaters" and to all works originally derived from that original program concept, including the pilot television show, all subsequent television shows, the names, "Tommy Gunn" and "Tommy Grand" and to the phrase, "talk to me, Gomez".

## V
## Second Cause of Action for Breach of Fiduciary Duty

5.01   Plaintiffs incorporate the statement of Operative Facts contained in section III above as though same were republished in full herein.

5.02   As a director of GHE, Defendant owed a fiduciary duty to GHE.

5.03   Defendant has breached and continues to breach his fiduciary duty to GHE by usurping corporate opportunities and property to his own account and for his own benefit.

5.04   GHE has been damaged and continues to be damaged by reason of Defendant's breach of his fiduciary duty in an amount not readily susceptible to calculation.

## VI
## Third Cause of Action for Business Disparagement

6.01   Plaintiffs incorporate the facts and statements contained in sections III above as though same were republished in full herein.

6.02   Defendant has published in his World Wide Web site the following statement, "You will here (sic) lots of things regarding why I am not on the show, but I can tell you directly and simply; I did not leave the show by choice, but to the contrary, I have been forced out by the unlawful greed to which I cannot fully comment at this time due to pending litigation." This statement referred to the television show, "Cheaters", was false when published, was made to deter "Cheaters" fans from watching the television show, and was made solely to force Goldstein and Cheaters to acknowledge and pay Defendant for his claim to the copyrights hereinafter recited. The statement, and other like it, have damaged Goldstein and Cheaters in an amount not readily susceptible to calculation.

## VII
### Request for Preliminary Injunction

7.01   Plaintiffs incorporate the facts and statements contained in sections III, V and VI above as though same were republished in full herein.

7.02   Goldstein attaches hereto and incorporates herein by reference a true copy of certificate of registration, dated December 26, 1996 and bearing certificate number TXu 770-121, issued by the Registrar of Copyrights. Therefore, there is a substantial likelihood that Plaintiffs will succeed on the merits of their claims herein.

7.03   Defendant's use of the copyrighted material, when combined with his breach of fiduciary duty and disparaging remarks, poses a substantial threat of irreparable injury to Plaintiffs by providing Defendant with an unjust advantage, *i.e.*, the advantage of using the time and expertise the Goldstein and the moneys of GHE and Cheaters expended in developing the copyrighted material, in head to head competition with the plaintiff.

7.04   Defendant's use of Plaintiffs' copyrighted materials is the very type of use that the copyright laws are designed to prevent and a paradigm situation for injunctive relief. The threatened injury to Plaintiffs far outweighs any damage an injunction might cause to the Defendant.

7.05   Plaintiffs therefore request the Court issue a preliminary injunction enjoining the Defendant, and all of his agents and servants from infringing said copyright and derivative works in any manner and from directly or indirectly disparaging Goldstein or Cheaters. Such injunction will not disserve the public interest.

## VIII
### Request for Permanent Injunction

8.01   Plaintiffs incorporate the facts and statements contained in sections III, V, VI and VII above as though same were republished in full herein.

8.02   Plaintiffs request that the Court, upon final hearing hereof, permanently enjoin Defendant from infringing said copyright and derivative works in any manner and from directly or indirectly disparaging Goldstein or Cheaters.

## IX
## Request for Damages and Attorney's Fees

9.01   Plaintiffs incorporate the facts and statements contained in sections III, V, VI and VII above as though same were republished in full herein.

9.02   Plaintiffs request the Court to order Defendant to account for and pay over all gains, profits and advantages derived by Defendant by reason of Defendant's infringement, and that the Court enter judgment against the Defendant for the amount of Plaintiffs' damages.

9.03   Plaintiffs request the Court to enter judgment against the Defendant for the amount of Plaintiffs' reasonable attorney's fees incurred in connection with this suit as permitted by Title 17 of the United States Code.

9.04   Plaintiffs request damages for Defendant's breach of his fiduciary duty and for his libelous statements; and,

9.04   Plaintiffs request the Court to enter any and all such further orders as may be just in the cause, at law and in equity, and to award Plaintiff her costs of Court incurred herein.

Respectfully submitted,

_[signature]_

Timothy W. Sorenson
State Bar No.18848400
1717 Main Street, Suite 4050
Dallas, Texas 75201-4639
Ph: (214) 653-4377
Fax: (214) 653-4343
**Attorney for Plaintiffs**