ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MAR - 6 2003

CLERK, U.S. DISTRICT COURT
By _____
　　　Deputy

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:03-CV-266-N |
| VS. | § | |
| | § | |
| TOMMY HABEEB, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On March 3, 2003 defendant[s] filed an initial responsive pleading in this case but did not provide the clerk with a certificate of interested persons. N.D. Tex. Civ. R. 7.4, which took effect September 1, 2000, provides that "[t]he initial responsive pleading that a defendant files in a civil action must be accompanied by a separately signed certificate of interested persons that complies with LR 3.1(f). If the defendant concurs in the accuracy of another party's previously-filed certificate, the defendant may adopt that certificate." Rule 3.1(f) provides, in turn, that

> [w]hen a complaint is filed, the plaintiff must provide the clerk with . . . a separately signed certificate of interested persons that contains a complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities who or which are financially interested in the outcome of the case. If a large group of persons or firms can be specified by a generic description, individual listing is not necessary.

Accordingly, no later than 20 days after this order is filed, defendant[s] must comply with Rules 7.4 and 3.1(f) so that the court can ensure that recusal is not required in this case.

SIGNED this ___6___ day of March, 2003.

_____
David C. Godbey, District Judge