

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN, GOLDSTEIN/HABEEB ENTERTAINMENT, INC., and CHEATERS, LTD., Plaintiffs | § § § § § | |
| vs. | § § § | CAUSE NO. 03-CV-0266N |
| TOMMY HABEEB Defendant | § § § | |

**PARTIES' REPORT OF RULE 26(f) STATUS CONFERENCE**

TO THE HONORABLE JUDGE:

Plaintiffs, by their undersigned counsel, and Defendant, by his undersigned counsel, conferred on March 18, 2003, in compliance with Fed.R.Civ.P. 267(f) and make the following report:

1. **Nature of the case and contention of the parties.**

    A. <u>Plaintiffs</u>. Plaintiffs contend that Robert N. Goldstein is the owner of the registered copyright to an original program concept for a television series entitled, "Cheaters" and to the registered service mark, "Cheaters". Plaintiffs contend that Robert N. Goldstein licensed Goldstein/Habeeb Entertainment, Inc. to develop the copyrighted materials, that Habeeb was a 26% shareholder and a director of Goldstein/Habeeb Entertainment, Inc., that while a director and shareholder of Goldstein/Habeeb Entertainment, Inc., Habeeb usurped business opportunities to his own account and infringed on the copyright, and that as a direct and indirect consequence of Habeeb's usurpation of corporate opportunities and of Habeeb's infringement of the copyrights, Robert N. Goldstein revoked the license to Goldstein/Habeeb Entertainment, Inc.. Plaintiffs seek declaratory and injunctive relief and damages to be determined through discovery.

    B. <u>Defendant</u>. Defendant contends that he did not infringe Plaintiffs' copyrights and did not usurp corporate opportunities. Defendant further contends that Robert N.

1

Goldstein wrongfully revoked the license to Goldstein/Habeeb Entertainment, Inc. and that Defendant has a proprietary interest in the contested copyright and service mark.

2. **Status of Settlement Discussions.** The parties have discussed settlement alternatives, including a private settlement meeting and mediation. It is anticipated that one or both of these alternatives will be pursued during the next sixty (60) days.

3. **Joinder of other parties**. No additional parties are anticipated as at this time, before discovery, to be necessary to a full adjudication of the case on the merits.

4. **Challenges to jurisdiction and venue**. None.

5. **Length of time needed for discovery**. The parties will need approximately six (6) months to complete discovery if same does not bog down in disputes. If discovery disputes arise, it is anticipated that discovery can be completed within eight (8) months.

6. **Proposed trial date**. The parties will be ready for trial by December 1, 2003.

7. **Estimated length of trial.** Two to four days.

8. **Mediation.** It is anticipated that mediation will be voluntarily pursued within the next sixty days, and that a report will be provided to the Court by the Mediator within such time. If it is not voluntary mediated, the parties request that mediation in this case be ordered.

9. **Rule 26(a)(1) disclosures.** The parties do not object to making disclosures, but request that the deadlines for the Rule 26 (a)(1) disclosures be extended to thirty days from the entry of the Rule 16(e) pretrial order herein.

Respectfully submitted,

_____
Timothy W. Sorenson
State Bar No.18848400
1717 Main Street, Suite 4050
Dallas, Texas 75201-4639
Ph: (214) 653-4377
Fax: (214) 653-4343
**Attorney for Plaintiffs**

## CERTIFICATE REGARDING OPPOSING ATTORNEY'S SIGNATURE

On March 19, 2003, I forwarded a proposed Report of Parties' Rule 26(f) Conference to Cecil Casterline, counsel for Tommy Habeeb. Mr. Casterline made no response to the proposal, despite three telephonic attempts to solicit his signature, until April 1, 2003, at 9:01 a.m., whereupon he faxed me his proposed changes. I made all of the changes requested by Mr. Casterline in the foregoing report, but, despite two unsuccessful attempts to fax those changes to Mr. Casterline, and two attempts to contact Mr. Casterline concerning his signature, he has, as of the time of filing this report, not responded to any efforts to obtain his signature.

I am required to file this report today by Order dated March 6, 2003.

Respectfully submitted,

Timothy W. Sorenson
State Bar No. 18848400
1717 Main Street, Suite 4050
Dallas, Texas 75201-4639
Ph: (214) 653-4377
Fax: (214) 653-4343
**Attorney for Plaintiffs**