

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN, GOLDSTEIN/HABEEB ENTERTAINMENT, INC., and CHEATERS, LTD.,<br>Plaintiffs | § § § § § § | |
| | § | CAUSE NO. 03-CV-0266N |
| vs. | § § | |
| TOMMY HABEEB<br>Defendant | § § § | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Robert N. Goldstein, Goldstein/Habeeb Entertainment, Inc. and Cheaters, Ltd., Plaintiffs, request leave of Court to file their Supplemental Complaint for Interpleader and for same would show the Court as follows:

### I.
### Facts

1.1 Plaintiffs owe Defendant certain moneys as described in the Supplemental Complaint. Plaintiffs have a real and well founded fear of either double liability or vexatious and conflicting claims to those moneys.

### II.
### Authority

2.1 A district court should freely give leave to amend when justice so requires. Jamieson v. Shaw, 772 F.2d 1205 (5th Cir., 1985). Rule 15(a) of the Federal Rules of Civil Procedure evinces a bias in favor of granting leave. Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594 (5th Cir., 1981). The policy of the federal rules is to permit liberal pleading and amendment thus facilitating adjudication on the merits while avoiding excessive formalism. Dussouy, supra. and Shaw, supra..

2.2 The decision whether to grant leave to amend lies in the sound discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971). Leave to amend should be given in the absence of "undue delay, bad faith and dilatory notice" on the part of Movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of an allowance of the amendment, [or] futility of amendment." Foman v. David, 371 U.S. 178 (1962). The district court must have "substantial reason" to deny leave. Foman, supra..

III.
Supplemental Pleading

3.1 A true copy of Plaintiffs' Supplemental Complaint is attached hereto and incorporated herein by reference.

**WHEREFORE, PREMISES CONSIDERED**, for the foregoing reasons, Plaintiffs respectfully request this Court to grant their motion for leave to file their Supplemental Complaint.

Respectfully submitted,

_____
Timothy W. Sorenson
State Bar No. 18848400
1717 Main Street, Suite 4050
Dallas, Texas 75201-4639
Ph: (214) 653-4377
Fax: (214) 653-4343
**Attorney for Plaintiffs**

### CERTIFICATE OF SERVICE

I CERTIFY that in compliance with the provisions of Rule 5 of the Federal Rules of Civil Procedure on this ____ day of _____, 2002, I caused a true and correct copy of the foregoing motion to be delivered to Andrew Bergman, counsel for Tommy Habeeb by facsimile and first class mail, properly addressed, in a postpaid envelope deposited with the United States Postal Service.

_____
Timothy W. Sorenson

### CERTIFICATE OF CONFERENCE

This is to certify that I have conferred with Andrew Bergman, counsel for Tommy Habeeb, regarding the merits of the foregoing motion. Mr. Berman does not oppose th filing of the supplemental pleading, but opposes the factual contentions of the supplemental pleading. Therefore, this matter is submitted to the court for determination.

_____
Timothy W. Sorenson

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN, GOLDSTEIN/HABEEB ENTERTAINMENT, INC., and CHEATERS, LTD., Plaintiffs | § § § § § | CAUSE NO. 03-CV-0266N |
| vs. | § § § | |
| TOMMY HABEEB Defendant | § § § | |

## SUPPLEMENTAL COMPLAINT–INTERPLEADER

### I
### Jurisdiction and Venue

1.01 This Court has subject matter jurisdiction of Plaintiffs' claims of copyright infringement pursuant to 28 U.S.C. §1338(a), and has pendent jurisdiction over the Plaintiff's common law claims because the federal and common law claims arise out of a common nucleus of operative facts. *United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130 (1966).*

1.02 This Court has venue of this cause pursuant to 28 U.S.C. §1391(b)(1).

1.03 All conditions precedent to the filing of this action have been performed or have occurred.

1.04 Defendant has answered the original complaint filed herein, giving this Court *in personum* jurisdiction.

### II
### Supplemental Facts

2.01 Pursuant to certain work for hire agreements between Plaintiffs and Defendant, Goldstein/Habeeb Entertainment, Inc. is indebted to Defendant in the amount of $10,454.54, which sum is to be paid in monthly increments of $2,090.91 each until paid in full.

2.02 Defendant is indebted to Plaintiff Goldstein/Habeeb Entertainment, Inc. in the amount of $34,186.53 for which Plaintiff claims offset against the moneys referred to in paragraph 3.01 above.

2.03 Upon information and belief, Defendant is a spendthrift, owing numerous people moneys

which he has never paid, and having no money with which to pay Plaintiff. Defendant has numerous judgments outstanding against him, and his judgment holders all have claims to the moneys now held owed by Plaintiffs. Upon information and belief, Defendant will not be able to respond in damages to any judgment obtained by Plaintiffs herein, making Plaintiffs themselves claimants against the moneys. Plaintiffs therefore have real and well founded fear of either double liability or vexatious and conflicting claims.

2.04  Plaintiff requests an order authorizing Plaintiff to interplead the moneys it is now paying to Defendant pursuant to the work for hire agreements, so that same may be offset against the moneys now owed to Plaintiff by Defendant.

2.04  Plaintiff intends to deposit $2,090.91 per month with the registry of the Court beginning on July 15, 2003, and ending on November 15, 2003.

**WHEREFORE,** Plaintiff requests an order authorizing Plaintiff to interplead all of the moneys owed to Defendant pursuant to his work for hire agreement, said moneys to await further order of this Court.

Respectfully submitted,

**Timothy W. Sorenson**
State Bar No.18848400
1717 Main Street, Suite 4050
Dallas, Texas 75201-4639
Ph:  (214) 653-4377
Fax:  (214) 653-4343
**Attorney for Plaintiffs**

Certificate of Service

I certify that on this ___ day of _____, 2003, a copy of the above and foregoing Supplemental Complaint was served on Andrew Bergman, counsel for Defendant, at 4514 Travis, Suite 300, Dallas, Texas 75205 by facsimile and United States First Class Mail.

Timothy W. Sorenson