

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN, GOLDSTEIN/HABEEB ENTERTAINMENT, INC., and CHEATERS, LTD., <br> Plaintiffs | § § § § § § | |
| | § | CAUSE NO.:3:03-CV-0266N |
| vs. | § § § | |
| TOMMY HABEEB <br> Defendant | § § | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Robert N. Goldstein, Goldstein/Habeeb Entertainment, Inc. and Cheaters, Ltd., Plaintiffs, request leave of Court to file their Supplemental Complaint for Interpleader and for same would show the Court as follows:

### I.
### Facts

1.1   Since filing the Original Complaint herein, Plaintiff, Robert N. Goldstein, has obtained copies of additional copyright registrations in which the Defendant has infringed, which must be specially pleaded.

### II.
### Authority

2.1   A district court should freely give leave to amend when justice so requires. Jamieson v. Shaw, 772 F.2d 1205 (5th Cir., 1985). Rule 15(a) of the Federal Rules of Civil Procedure evinces a bias in favor of granting leave. Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594 (5th Cir., 1981). The policy of the federal rules is to permit liberal pleading and amendment thus facilitating adjudication on the merits while avoiding excessive formalism. Dussouy, supra. and Shaw, supra..

2.2   The decision whether to grant leave to amend lies in the sound discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971). Leave to amend should be given in the absence of "undue delay, bad faith and dilatory notice" on the part of Movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of an allowance of the amendment, [or] futility of amendment." Foman v. David, 371 U.S. 178 (1962). The district court must have "substantial reason" to deny leave. Foman, supra..

III.
Amended Pleading

3.1 A true copy of Plaintiffs' First Amended Complaint for Damages, Interpleader and Permanent Injunction is attached hereto and incorporated herein by reference. The filing of such pleading will occasion do delay to the pretrial schedule now in place or to the presently scheduled trial date.

**WHEREFORE, PREMISES CONSIDERED,** for the foregoing reasons, Plaintiffs respectfully request this Court to grant their motion for leave to file their Supplemental Complaint.

Respectfully submitted,

Timothy W. Sorenson
State Bar No.18848400
1717 Main Street, Suite 4050
Dallas, Texas 75201-4639
Ph: (214) 653-4377
Fax: (214) 653-4343
**Attorney for Plaintiffs**

### CERTIFICATE OF SERVICE

I CERTIFY that in compliance with the provisions of Rule 5 of the Federal Rules of Civil Procedure on this 14th day of July, 2003, I caused a true and correct copy of the foregoing motion to be delivered to Andrew Bergman, counsel for Tommy Habeeb by facsimile and first class mail, properly addressed, in a postpaid envelope deposited with the United States Postal Service.

Timothy W. Sorenson

### CERTIFICATE OF CONFERENCE

This is to certify that I have conferred with Andrew Bergman, counsel for Tommy Habeeb, regarding the merits of the foregoing motion. Mr. Bergman does not oppose said motion.

Timothy W. Sorenson