

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN, | § | |
| GOLDSTEIN/HABEEB | § | |
| ENTERTAINMENT, INC., and | § | |
| CHEATERS, LTD., | § | |
|     Plaintiffs | § | CAUSE NO. 03-CV-0266N |
| | § | |
| vs. | § | |
| | § | |
| TOMMY HABEEB | § | |
|     Defendant | § | |

### BRIEF IN SUPPORT OF ROBERT N. GOLDSTEIN'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW Robert N. Goldstein, one of the Plaintiffs herein, and moves the Court to enter summary declaratory judgment declaring that (1) Robert N. Goldstein is the sole and exclusive owner of the copyrights to the original program concept for a television series entitled, "Cheaters", registration number TXu 770-121, dated December 26, 1996, and to thirteen one-half hour videos for television and sixty-eight one-hour videos for television, each entitled "Cheaters"; (2) that Robert N. Goldstein is the owner of the United States Trademark Registration Number 2,640,153, dated October 22, 2002, for the mark "CHEATERS", for entertainment in the nature of an on-going television show in the field of news and documentary, and (3) that Defendant has no ownership interest in and to the copyrights and trademark. In support thereof, Goldstein would respectfully submits the following legal authority and argument:

1.    In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Boze v. Branstetter*, 912 F.2d 801, 804 (5th Cir. 1990). Material facts are those facts "that might affect the outcome of the suit under the governing law." *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (quoting *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)). The facts are to be reviewed with all "justifiable inferences" drawn in favor of the party opposing the motion. *See Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy--that is, when both parties have submitted evidence of contradictory facts." *Laughlin v. Olszewski*, 102 F.3d 190, 193 (5th Cir. 1996).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. The movant meets this initial burden by showing that the "evidence in the record would not permit the non-movant to carry its burden of proof at trial." *Smith*, 158 F.3d at 911. The burden then shifts to the non-movant to demonstrate that summary judgment is inappropriate. *See Morris*, 144 F.3d at 380. This is accomplished by producing "significant probative evidence" that there is an issue of material fact so as to warrant a trial. *See Texas Manufactured Housing Ass'n v. Nederland*, 101 F.3d 1095, 1099 (5th Cir. 1996), cert. denied, 521 U.S. 1112, 117 S. Ct. 2497, 138 L. Ed. 2d 1003 (1997); *Taylor v. Principal*

*Financial Group, Inc., 93 F.3d 155, 161 (5th Cir. 1996); Transamerica Ins. Co. v. Avenell, 66 F.3d 715, 718-19 (5th Cir. 1995); Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir. 1994),* and evidence "sufficient to support a jury verdict." *Morris, 144 F.3d at 380; accord Doe v. Dallas Indep. School District, 153 F.3d 211, 215 (5th Cir. 1998).*

In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *See McCallum Highlands, Ltd. v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir.), revised on other grounds upon denial of reh'g, 70 F.3d 26 (5th Cir. 1995); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc), 37 F.3d at 1075* (citing *Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888, 111 L. Ed. 2d 695, 110 S. Ct. 3177 (1990).* Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *See Little, 37 F.3d at 1075* (citing *Celotex, 477 U.S. at 322).*

2. *28 U.S.C. § 1338*(a) vests federal courts with exclusive original subject matter jurisdiction to hear claims "arising under any Act of Congress relating to . . . copyrights." *28 U.S.C. §2201* vests federal courts with non-exclusive original jurisdiction to "declare the rights and other legal relations of any interested party seeking such declaration..." in a case of actual controversy.

3. Under the Copyright Act, copyright ownership "vests initially in the author or authors of the work." *17 U.S.C. § 201*(a). "As a general rule, the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Community for Creative Non-Violence v. Reid, 490 U.S. 730, 737,*

*104 L. Ed. 2d 811, 109 S. Ct. 2166 (1989)*. However, the Act creates an exception to this general rule for "works made for hire." *17 U.S.C. § 201*(b). Section 201(b) of the Act provides:

> In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright.

3.04  *17 U.S.C. § 101* defines a "work made for hire" as follows:

> (1) a work prepared by an employee within the scope of his or her employment; or
>
> (2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire.

The two parts of this working definition are mutually exclusive. The first part applies to works created by employees; and the second applies to works created by independent contractors. See *Reid, 490 U.S. at 742-43*. However, whether Defendant is an employee or independent contractor is not material to this summary judgment motion because a work created by an independent contractor can constitute a work for hire if it is a work "specially ordered or commissioned for use . . . as a part of a motion picture or other audiovisual work." *17 U.S.C. § 101*. Section 101 of the Act defines "audiovisual works" as:

> works that consist of a series of related images which are intrinsically intended to be shown by the use of machines or devices such as projectors, viewers, or electronic equipment, together with accompanying sounds, if any, regardless of the nature of the material objects, such as films or tapes, in which the works are embodied.

The plain language of Defendant's "work for hire" agreements related to his service as "Host" of the Cheaters television shows bring Defendant's claims of ownership to the copyrights involved in this case squarely withing the exclusions of *17 U.S.C. § 201*(b).

3.05 A valid copyright certificate of registration constitutes *prima facie* evidence of the validity of a copyright. *Norma Ribbon & Trimming, Inc. v. Little, 51 F.3d 45, 47 (5th Cir. 1995)*[citing *17 U.S.C. § 410*(c)]; *Engineering Dynamics, Inc. v. Structural Software, Inc., 26 F.3d 1335, 1344 (5th Cir. 1994)*. In the case at bar, pleading and discovery has closed and Defendant has failed to assert any facts rebutting Goldstein's ownership of the copyrights and trademark.

WHEREFORE, Plaintiff, Robert N. Goldstein, prays the Court grant summary judgment declaring that Robert N. Goldstein is the sole and exclusive owner of the copyrights and trademark asserted herein and that Defendant, Tommy Habeeb owns no interest thereto.

Respectfully submitted:

**Timothy W. Sorenson**
State Bar No.18848400
1717 Main Street, Suite 4050
Dallas, Texas 75201-4639
Ph: (214) 653-4377
Fax: (214) 653-4343
**Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

I CERTIFY that in compliance with the provisions of Rule 5 of the Federal Rules of Civil Procedure on this 6th day of October, 2003, I caused a true and correct copy of the foregoing motion to be delivered to Andrew Bergman, counsel for Tommy Habeeb, by first class mail, properly addressed, in a postpaid envelope deposited with the United States Postal Service.

_____
Timothy W. Sorenson