**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DEC - 2 2003

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN, | § | |
| GOLDSTEIN/HABEEB/MCCALMONT | § | |
| ENTERTAINMENT, INC.,f/k/a | § | |
| GOLDSTEIN/HABEEB | § | |
| ENTERTAINMENT, INC. and | § | |
| CHEATERS, LTD., | § | |
| Plaintiffs | § | CAUSE NO. 03-CV-0266N |
| | § | |
| vs. | § | |
| | § | |
| TOMMY HABEEB | § | |
| Defendant | § | |

**FIRST AMENDED COMPLAINT FOR DAMAGES,
INTERPLEADER,
<u>AND PERMANENT INJUNCTION</u>**

**I.
Parties**

1.01   Plaintiff, Robert N. Goldstein (Goldstein), is a citizen of the State of Texas and a resident of Dallas County. Plaintiff, Goldstein/Habeeb/McCalmont Entertainment, Inc., formerly known as Goldstein/Habeeb Entertainment, Inc.(GHE) is a corporation organized under the laws of the State of Texas whose principle place of business is in Dallas, Dallas County, Texas. Plaintiff, Cheaters, Ltd. (Cheaters) is a limited partnership formed under the laws of the State of Texas whose principal place of business is in Dallas, Dallas County, Texas.

1.02   Defendant, Tommy Habeeb, is a resident of Dallas, Dallas County, Texas.

**II.
Jurisdiction and Venue**

2.01   This Court has subject matter jurisdiction of Plaintiffs' claims of copyright and trademark

1

infringement pursuant to 28 U.S.C. §1338(a), and has pendent jurisdiction over the Plaintiff's common law claims because the federal and common law claims arise out of a common nucleus of operative facts. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130 (1966).

2.02 This Court has venue of this cause pursuant to 28 U.S.C. §1391(b)(1).

2.03 All conditions precedent to the filing of this action have been performed or have occurred.

### III.
### Operative Facts

3.01 Prior to December 26, 1996, Goldstein, who then was and ever since has been a citizen of the United States, created and wrote an original program concept for a television series entitled "Cheaters".

3.02 This program concept contained a large amount of material wholly original with Goldstein and is copyrightable subject matter under the law of the United States.

3.03 Between December, 1995 and December 26, 1996, Goldstein complied in all respects with Title 17 of the United States Code, and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of said original program concept, and received from the Registrar of Copyrights a certificate of registration, dated and identified as follows: TXu 770-121, December 26, 1996.

3.04 On or about August 10, 1998, Goldstein granted an exclusive license to the original program concept GHE for the purpose of developing and producing a television video tape to be used as a pilot for the publication, sale and syndication of the original program concept. GHE produced the program concept pilot film and published it in October 1998.

3.05 On or about August 25, 1999, with Goldstein's consent, GHE assigned its exclusive license to the program concept to Cheaters for the purpose of developing and producing a television video tape series to be sold, published and syndicated from the original program concept. Cheaters has produced, developed and published sixty one-hour films from the original concept, and is in the process of producing additional television video tapes from the original program concept. The program has been broadcast locally and nationally, is a "hit," and has a substantial audience.

3.06 Each of the television tapes that has been produced by GHE and by Cheaters is a derivative work based upon the original program concept registered by Goldstein and is protected by Title 17 of the United State Code. Goldstein has applied for and received copyright registration numbers PA-986-280, PA-988-082, PA-988-083, PA-988-084, PA-988-085, PA-988-086, PA-988-087, PA-988-088, PA-988-089, PA-988-090, PA-988-091, PA-988-092, PA-988-093, PA-988-094, PA-1-009-429, PA-1-012-363, PA-1-012-364, PA-1-012-365, PA-1-012-430, PA-1-012-431, PA-1-026-529, PA-1-026-530, PA-1-026-531, PA-1-026-532, PA-1-026-533, PA-1-026-534, PA-1-127-531, and PA-1-127-548, all for episodes of the show "Cheaters." Additional episodes have been registered for which copyright registration numbers are pending. Any episodes or other materials that have not been registered are derivative works and works made for hire and are, accordingly, solely owned by Goldstein.

3.07 Goldstein is the owner of, among others, United States Trademark Registration Number 2,640,153, October 22, 2002, for the mark CHEATERS, for entertainment in the nature of an on-going television show in the field of news and documentary.

3.08 The names "Tommy Gunn" (the original *nom de plume* of its host) and "Tommy Grand" (the present *nom de plume* of its host) and the phrase, "talk to me, Gomez" were used by Goldstein directly or his licensees, in connection with each and every publication of the television show, "Cheaters," so as to be and become synonymous with the program concept and indicative of the goodwill of Goldstein and his licensees. The names "Tommy Gunn" and "Tommy Grand" and the phrase, "talk to me, Gomez" are "common-law trademarks" and derivative works based upon the original program concept registered by Goldstein and are protected by Titles 15 and 17 of the United State Code.

3.09 On or about November 28, 2001, the License to GHE was revoked for due cause.

3.10 At all time material hereto Defendant was and is a director and minority shareholder in GHE.

3.11 Between April, 1998, and December, 2002, Defendant served as the Host for the published television pilot and the television shows that were developed and published from the original concept duly copyrighted to Goldstein. Defendant was paid and accepted an appearance fee as full compensation for each of his appearances as Host on the television pilot and shows. In connection therewith, Defendant signed a waiver of any and all claims for the use of his image in connection with the show and agreed in advance that his contributions were "works made for hire" within the meaning of 17 U.S.C. § 101. Despite these agreements, Defendant has, from time to time, asserted an ownership interest in these properties, both to Goldstein and to third parties.

3.12 Defendant has infringed Goldstein's copyrights and trademarks, both registered and "common-law," by publishing a World Wide Web site containing sound and video clips from the programs and the name "Tommy Gunn" and "Cheaters", by using sound an video clips

from the programs during radio interviews, by using portions of the copyrighted scripts from the programs in commercials hosted by the Defendant, by selling t-shirts with the name "Cheaters" and the phrase "Talk to me Gomez" on them, by linking his World Wide Web site to that owned by Cheaters and by publicly claiming ownership in and to Goldstein's copyright and to the television program, "Cheaters". All of these acts were performed without the express or implied consent of Goldstein or GHE.

## IV.
### First Cause of Action for Declaratory Relief

4.01   Plaintiffs incorporate the statement of Operative Facts contained in section III above as though same were republished in full herein.

4.02   Pursuant to 28 USC §§2201 and 2202, Goldstein requests the Court to declare that Goldstein is the sole owner of the copyright, as between Goldstein and Habeeb, to the original program and concept for a television series entitled "Cheaters" and to all works originally derived from that original program concept, including the pilot television show, all subsequent television shows and the copyright registrations therefor.

4.03   Further, Goldstein requests the Court to declare that Goldstein is the sole owner of the the names and trademarks "Cheaters," "Tommy Gunn," "Tommy Grand," and, "talk to me, Gomez".

## V.
### Second Cause of Action for Breach of Fiduciary Duty

5.01   Plaintiffs incorporate the statement of Operative Facts contained in section III above as though same were republished in full herein.

5.02   As a director of GHE, Defendant owed a fiduciary duty to GHE.

5.03    Defendant has breached and continues to breach his fiduciary duty to GHE by usurping corporate opportunities and property to his own account and for his own benefit.

5.04    GHE has been damaged and continues to be damaged by reason of Defendant's breach of his fiduciary duty in an amount not readily susceptible to calculation.

## VI.
## Third Cause of Action for Business Disparagement

6.01    Plaintiffs incorporate the facts and statements contained in sections III above as though same were republished in full herein.

6.02    Defendant has published in his World Wide Web site the following statement, "You will here (sic) lots of things regarding why I am not on the show, but I can tell you directly and simply; I did not leave the show by choice, but to the contrary, I have been forced out by the unlawful greed to which I cannot fully comment at this time due to pending litigation." This statement referred to the television show, "Cheaters", was false when published, was made to deter "Cheaters" fans from watching the television show, and was made solely to force Goldstein and Cheaters to acknowledge and pay Defendant for his claim to the copyrights hereinafter recited. The statement, and other like it, have damaged Goldstein and Cheaters in an amount not readily susceptible to calculation.

## VII.
## Trademark Infringement

7.01    Plaintiffs incorporate the facts and statements contained in sections III, V and VI above as though same were republished in full herein.

7.02    By his unauthorized use of Goldstein's trademarks CHEATERS, Tommy Gunn, Tommy Grand, and Talk to me Gomez on his various websites, Defendant has attempted to cause and

has caused confusion among consumers concerning the origin and sponsorship of his website and services by Goldstein and his entities, the rightful owners of the marks and the good will associated therewith.

7.03  Accordingly, Defendants has infringed Goldstein's trademarks, both registered and unregistered in violation of §§ 32 and 43 of the Federal Trademark Act, Title 15, United States Code, §§ 1114 and 1125.

## VIII.
### Request for Permanent Injunction

8.01  Plaintiffs incorporate the facts and statements contained in sections III, V, VI and VII above as though same were republished in full herein.

8.02  Plaintiffs request that the Court, upon final hearing hereof, permanently enjoin Defendant from infringing said tradeamarks in any manner and from directly or indirectly disparaging Goldstein or Cheaters.

## IX.
### Interpleader

9.01  Pursuant to certain work for hire agreements between Plaintiffs and Defendant, Goldstein/Habeeb Entertainment, Inc. is indebted to Defendant in the amount of $10,454.54, which sum is to be paid in monthly increments of $2,090.91 each until paid in full. Plaintiffs have timely paid each and every installment under these work for hire agreements, but the Defendant has refused to cash same in an attempt to invalidate such agreements.

9.02  Defendant is indebted to Plaintiff Goldstein/Habeeb Entertainment, Inc. in the amount of $34,186.53 for which Plaintiff claims offset against the moneys referred to in paragraph 3.01 above.

9.03 Upon information and belief, Defendant is a spendthrift, owing numerous people moneys which he has never paid, and having no money with which to pay Plaintiff. Defendant has numerous judgments outstanding against him, and his judgment holders all have claims to the moneys now held owed by Plaintiffs. Upon information and belief, Defendant will not be able to respond in damages to any judgment obtained by Plaintiffs herein, making Plaintiffs themselves claimants against the moneys. Plaintiffs therefore have real and well founded fear of either double liability or vexatious and conflicting claims.

9.04 Plaintiff requests an order authorizing Plaintiff to interplead the moneys it is now paying to Defendant pursuant to the work for hire agreements, so that same may be offset against the moneys now owed to Plaintiff by Defendant.

9.04 Plaintiff has deposited $4181.82 with the registry of this Court and intends to deposit $2,090.91 per month with the registry of the Court beginning on July 15, 2003, and ending on November 15, 2003.

## X.
### Request for Damages and Attorney's Fees

10.01 Plaintiffs incorporate the facts and statements contained in sections III, V, VI and VII above as though same were republished in full herein.

10.02 Plaintiffs request the Court to order Defendant to account for and pay over all gains, profits and advantages derived by Defendant by reason of Defendant's infringement, and that the Court enter judgment against the Defendant for the amount of Plaintiffs' damages.

10.03 Plaintiffs request the Court to enter judgment against the Defendant for the amount of Plaintiffs' reasonable attorney's fees incurred in connection with this suit as permitted by

Titles 15 and 17 of the United States Code.

10.04 Plaintiffs request damages for Defendant's breach of his fiduciary duty and for his libelous statements; and,

10.04 Plaintiffs request the Court to enter any and all such further orders as may be just in the cause, at law and in equity, and to award Plaintiff their costs of Court incurred herein.

Respectfully submitted,

**Timothy W. Sorenson**
State Bar No.18848400
1717 Main Street, Suite 4050
Dallas, Texas 75201-4639
Ph: (214) 653-4377
Fax: (214) 653-4343
**Attorney for Plaintiffs**

### Certificate of Service

I certify that on this 2 day of _December_, 2003, a copy of the above and foregoing Amended Complaint was served on Andrew Bergman, counsel for Defendant, at 4514 Travis, Suite 300, Dallas, Texas 75205 by facsimile and United States First Class Mail.

Timothy W. Sorenson